UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GABRIELA MADRID, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 3:16-cv-466 |
| THE TRAVELERS INDEMNITY COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant The Travelers Indemnity Company ("Travelers" or "Defendant"), files its Notice of Removal of this action from the 298th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.  In support hereof, Defendant shows this Court as follows:

1. On January 12, 2016, Plaintiff Gabriela Madrid ("Plaintiff") commenced an action in the 298th Judicial District Court of Dallas County, Texas, styled *Gabriela Madrid v. The Travelers Indemnity Company*, where it was assigned Cause No. DC-16-00322.

2. On January 22, 2016, Travelers was served with a citation.  Removal is timely because thirty (30) days have not elapsed since Defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date).

3. Defendant is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the 298th Judicial District Court of Dallas County, Texas, and will serve a copy of the Notice of Removal on Plaintiff.

4. In accordance with Local Rule 81.1, attached collectively as Exhibit "1" are all materials filed in the state court. Defendant has also filed contemporaneously with this Notice a civil cover sheet, a supplemental civil cover sheet, and a separately signed certificate of interested persons and disclosure statement that complies with Local Rule 3.1(c) and Rule 7.1 of the Federal Rules of Civil Procedure.

### GROUND FOR REMOVAL:  DIVERSITY

5. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

> **(a)  The amount in controversy exceeds the federal minimum jurisdictional requirements.**

6. Plaintiff is "seeking monetary relief over $200,000 but not more than $1,000,000" *See* Ex. 1-2 at ¶ 4. Accordingly, the amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

> **(b)  Complete diversity between Plaintiff and Defendant exists.**

7. Corporations "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business ...." 28 U.S.C. § 1332(c)(1).

8. Plaintiff was at the time of the filing of this action, has been at all times since, and is still a citizen of the State of Texas. For diversity purposes, an individual is a citizen of the state of his or her domicile, which is the place of her true, fixed, and permanent home and

principal establishment, to which she has the intention of returning home whenever she is absent there from. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Accordingly, Plaintiff is a citizen of Texas.

9. Defendant is incorporated in the State of Connecticut with its principal place of business in Hartford, Connecticut. Accordingly, Defendant is a citizen of Connecticut.

10. Because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while Defendant is not, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

WHEREFORE, Defendant prays that the above-described action now pending in the 298th Judicial District Court of Dallas County, Texas be removed to this Court.

Respectfully submitted,

  */s/ Wm. Lance Lewis*
WM. LANCE LEWIS
State Bar No. 12314560
ALISSA PUCKETT
State Bar No. 24056886
**QUILLING, SELANDER, LOWNDS,**
  **WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of this document has been furnished to counsel of record as provided below, via CM/ECF, in accordance with the Federal Rules of Civil Procedure, this 18th day of February, 2016:

    Matthew J. Worrall
    William H. Barfield
    Andrew A. Woellner
    The Potts Law Firm, LLP
    100 Waugh Drive, Suite 350
    Houston, Texas 77007
    mworrall@potts-law.com
    wbarfield@potts-law.com
    awoellner@potts-law.com

                                                    */s/ Wm. Lance Lewis*
                                                    Wm. Lance Lewis / Alissa Puckett