# EXHIBIT 1

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **GABRIELA MADRID,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **THE TRAVELERS INDEMNITY** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## INDEX OF STATE COURT MATERIALS

| No. | Date Filed or Entered | Document |
|---|---|---|
| 1-1 | N/A | Civil Docket Sheet |
| 1-2 | 01/12/2016 | Plaintiff's Original Petition |
| 1-3 | 01/12/2016 | Citation on The Travelers Indemnity Company |
| 1-4 | 01/26/2016 | Return of Service of Citation |
| 1-5 | 02/12/2016 | Defendant The Travelers Home and Marine Insurance Company's Original Answer |

# EXHIBIT 1-1

Skip to Main Content  Logout  My Account  Search Menu  New Civil District Search  Refine Search  Back          Location : All District Civil Courts    Images  Help

# REGISTER OF ACTIONS
## CASE NO. DC-16-00322

| | | |
|---|---|---|
| **GABRIELA MADRID vs. THE TRAVELERS INDEMNITY COMPANY** | § § § § § | Case Type: **INSURANCE**<br>Date Filed: **01/12/2016**<br>Location: **298th District Court** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **DEFENDANT** | **THE TRAVELERS INDEMNITY COMPANY** | |
| **PLAINTIFF** | **MADRID, GABRIELA** | **MATTHEW WORRALL**<br>*Retained*<br>713-963-8881(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**
| | |
|---|---|
| 01/12/2016 | **NEW CASE FILED (OCA) - CIVIL** |
| 01/12/2016 | **ORIGINAL PETITION** |
| 01/12/2016 | **ISSUE CITATION** |
| | *9214 8901 0661 5400 0077 8346 10* |
| 01/12/2016 | **JURY DEMAND** |
| 01/19/2016 | **CITATION** |
| | *CERTMAIL/AM* |

| | | |
|---|---|---|
| THE TRAVELERS INDEMNITY COMPANY | Served | 01/22/2016 |
| | Returned | 01/26/2016 |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **PLAINTIFF** MADRID, GABRIELA | | | |
| Total Financial Assessment | | | 436.00 |
| Total Payments and Credits | | | 436.00 |
| **Balance Due as of 02/03/2016** | | | **0.00** |

| | | | | |
|---|---|---|---|---|
| 01/12/2016 | Transaction Assessment | | | 436.00 |
| 01/12/2016 | CREDIT CARD - TEXFILE (DC) | Receipt # 2005-2016-DCLK | MADRID, GABRIELA | (436.00) |

# EXHIBIT 1-2

FILED
DALLAS COUNTY
1/12/2016 3:25:10 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:16-cv-00466-K   Document 1-1   Filed 02/18/16   Page 6 of 43   PageID 10

Cause No. DC-16-00322 _____                    Tonya Pointer

| | | |
|---|---|---|
| GABRIELA MADRID | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| | § | |
| THE   TRAVELERS   INDEMNITY | § | _____ JUDICIAL DISTRICT |
| COMPANY | § | |
| *Defendant* | § | |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Gabriela Madrid, Plaintiff (hereinafter referred to as "Plaintiff"), and files this Original Petition against Defendant, The Travelers Indemnity Company (hereinafter referred to as "Travelers" or "Defendant"), and respectfully would show this court as follows:

### PARTIES

1.     Plaintiff, Gabriela Madrid, is an individual residing in and/or owning property in Dallas County, Texas.

2.     Defendant, Travelers, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action.  This defendant may be served by serving its Registered Agent for service of process: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

### DISCOVERY LEVEL

3.     Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

1

## JURISDICTION

4.      The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend this petition during and/or after the discovery process.

5.      The Court has jurisdiction over Defendant, Travelers, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

## VENUE

6.      Venue is proper in Dallas County, Texas, because the insured property is situated in Dallas County, Texas.  Tex. Civ. Prac. & Rem. Code § 15.032.

## FACTS

7.      Plaintiff is the owner of a property insurance policy ("the Policy") issued by Travelers.

8.      Plaintiff owns the insured property located at 2406 Hanover Court, in Dallas County (hereinafter referred to as "the Property").  Defendant sold the Policy insuring the Property to Plaintiff.

9.      On or about April 3m 2012, a hail storm and/or windstorm struck Dallas County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property.  The Storm damaged the Property including extensive damage to the roof.

10.     Plaintiff subsequently submitted a claim to Travelers for the damage the Property sustained as a result of the Storm.  Plaintiff requested that Travelers cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the property.

2

11.     Defendant failed to thoroughly review and properly oversee the work of the assigned adjusters, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim.  As a result of Defendant's wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

12.     Defendant set out to deny and/or underpay on properly covered damages.  Defendant failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim.  As a result of Defendant's unreasonable investigation, as described above, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages.  The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property.  To this date, Plaintiff has yet to receive the full payment that Plaintiff is entitled to under the Policy and Defendant continues to delay in the payment for the damages to the Property.

13.     Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

14.     Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(1).

3

15.     Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.0060(a)(2)(A).

16.     Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(3).

17.     Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(4).

18.     Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation.  Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE § 541.060(a)(7).

19.     Defendant failed to meets it obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all

information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE § 542.055.

20.     Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE § 542.056.

21.     Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE § 542.058.

22.     From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

23.     Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

24.     As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action.

25.     Plaintiff's experience is not an isolated case.  The acts and omissions Defendant committed

in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims.  Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

26.     Each of the foregoing paragraphs is incorporated by reference in the following:

27.     Defendant breached its contract with Plaintiff, violated the Texas Insurance Code and breached the common law duty of good faith and fair dealing.

### A.     Breach of Contract

28.      Defendant breached the contract of insurance it had with Plaintiff.  Defendant breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

### B.     Noncompliance with Texas Insurance Code:  Unfair Settlement Practices

29.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article were made actionable by TEX. INS. CODE § 541.151.

30.     Defendant assigned its employees and/or agents to adjust Plaintiff's claim.  Defendant's employees and/or agents were improperly and inadequately trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages.  During the investigation, Defendant failed to properly evaluate Plaintiff's Storm damages.  Defendant omitted properly covered damages from final reports of Plaintiff's Storm damages including, but not limited to, properly covered roof damages Plaintiff's home sustained as a result of the Storm.  As a result of

Defendant's unreasonable investigation, Plaintiff was wrongfully denied on the claim and has suffered damages.

31.     Defendant's misrepresentations by means of deceptive conduct include, but are not limited to:  (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.   These misrepresentations constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1)

32.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE § 541.060(a)(2)(A).

33.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(3).

34.     Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to

7

Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(4).

35.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(7).

36.     The acts described in the paragraph above constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

> **C.     Noncompliance with Texas Insurance Code:  Prompt Payment of Claims Statute**

37.     Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

38.     Defendant failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

39.     Defendant failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

40.     Defendant delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

41.     Defendant knowingly committed each of the acts described above.  Therefore, Plaintiff is entitled to three times actual damages under TEX. INS. CODE §541.152.

8

### D.      Breach of the Duty of Good Faith and Fair Dealing

42.      Defendant breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

### E.      Acts Constituting As Agent

43.      As referenced and described above, and further conduct throughout this litigation and lawsuit, the adjusters Defendant hired are agents of Defendant based on their acts during the handling of this claim, including inspections, adjustments and aiding in adjusting a loss for or on behalf of the insurer.  TEX. INS. CODE § 4001.051.

44.      Separately, and/or in the alternative, as referenced and described above, Defendant ratified the actions and conduct of the adjusters including the completion of their duties under the common law and statutory law.

### F.      Knowledge

45.      Each of the acts described above, together and singularly, was done knowingly as that term is used in the Texas Insurance Code.

## DAMAGES

46.      Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

47.      The damages caused by the hail storm and/or windstorm  have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.   These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

48.     For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of the claim, together with attorney's fees.

49.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages.  TEX. INS. CODE § 541.152.

50.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE § 542.060.

51.     For breach of the common law duty of good faith and fair dealing, Plaintiff is  entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

52.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

**JURY DEMAND**

53.     Plaintiff hereby demands a trial by jury and tender the appropriate fee.

**DISCOVERY REQUESTS**

54.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 30 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

55.     Defendant is requested to respond to the attached interrogatories and requests for production within fifty (50) days.

**PRAYER**

56.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendant to appear and answer herein and that Plaintiff has judgment taken against Defendant and recovers from Defendant all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

By:    */s/ Matthew J. Worrall* _____
        **Matthew J. Worrall**
        SBN: 24070883
        **William H. Barfield**
        SBN:  24031725
        **Andrew A. Woellner**
        SBN:  24060850
        100 Waugh Drive, Suite 350
        Houston, Texas 77007
        Telephone (713) 963-8881
        Facsimile (713) 574-2938
        Emails: mworrall@potts-law.com
                wbarfield@potts-law.com
                awoellner@potts-law.com

        **ATTORNEYS FOR PLAINTIFF**

12

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

COMES NOW Plaintiff, in the above-styled and numbered cause, and requests that

Defendant(s) answer the following Interrogatories and Requests for Production separately and

fully in writing pursuant to the Texas Rules of Civil Procedure within 50 days of service.  Serve

answers to the requests on Plaintiff by and through his/her attorney of record.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these Interrogatories and Requests for Production:

1.      "You", "your", and "defendant" shall mean the Defendant the interrogatories and requests for production are addressed to in this case, and shall include past or present directors, officers, representatives, employees, agents, guardians, attorneys, or any other person or persons acting or purporting to act on your behalf, whether authorized to do so or not.

2.      "Any" includes the word "all" and "all" includes the word "any".

3.      The term "person" or "persons" shall mean all individuals and entities, including, but not limited to, natural persons, firms, partnerships, associations, organizations, divisions, joint ventures, corporations, trusts, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, agent, governmental entities, domestic or foreign, unincorporated associations, or any other form of business, governmental, public or charitable entity.

4.      Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural, wherever the effect of doing so is to increase the information in your responses.

5.      The terms "relate to", "relating to", "refer to", and "referring to" shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitation unless specifically indicated.

6.      "Identify" or give the "identity of" means:

    i.      In the case of a <u>person</u>, to state such person's
      (1)      full name;
      (2)      last known home and business address and home and business telephone number;
      (3)      employer or business affiliation; and
      (4)      occupation and business position held.

ii.     In the case of a <u>document</u>, to state:
  (1)     the identity of the person or persons preparing it and the sender;
  (2)     its title or a description of the general nature of the subject matter;
  (3)     the identity of the addressee(s), if any;
  (4)     its date or dates of preparation;
  (5)     its date or dates and manner of distribution and publication, if any;
  (6)     the location of each copy and the identity of its present custodian;
  (7)     the type of document; and
  (8)     all characteristics by which that document might be distinguished from any other document.

iii.    In the case of a communication in the form of an <u>oral statement</u>, to state:
  (1)     the identity of the person uttering the oral statement;
  (2)     the place at which such oral statement was uttered;
  (3)     the date on which such oral statement was uttered;
  (4)     the identity of each person in whose presence or hearing such oral statement was uttered; and
  (5)     the substances of the oral statement.

7.      "Evidencing" or "evidences" shall mean constituting, proving, reflecting, indicating, or probative of the existence or nature of any fact, allegation, or given matter.

8.      "Fact" refers to all evidentiary facts presently known to you and all evidentiary facts the existence of which is presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

9.      "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this lawsuit occurred.

10.     "Property" refers to the building, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this lawsuit.

11.     "Lawsuit" shall mean the litigation, the style, court and cause number which is found in the caption to this instrument.

12.     "Document" shall include but not be limited to all handwritten, stenographic, typed, written, or printed writings and papers of every kind, kept, maintained, or received by plaintiff or your attorney, including, but not limited to, contracts, invoices, letters, telegrams, e-mails, memoranda, reports, studies, books, records, calendar or diary entries, pamphlets, notes, charts, tabulations, records (including tape recordings or transcriptions thereof) of meetings, conferences, and telephone or other conversations or communications, ledgers, financial statements, photostats, microfilm, photographs, slides, motion pictures, video tapes, tape and disc recordings on software programs, including reproduction of copies of documents which are not identical duplicates of the original, and also including any reproduction or copies of documents of which the originals are

not in the possession, custody or control of Defendant. This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed. If copies of a document are not identical by reason of handwritten notations, identification marks, or any other modifications, each such non-identical copy is a separate document within the meaning of this definition.

11.    "Incident", "accident", and/or "occurrence", and/or "collision" shall mean and refer to that certain incident which is described in more detail in Plaintiff's Original Petition currently on file herein.

12.    A person has knowledge of relevant facts when he has or may have knowledge of any discoverable matter. The information need not be admissible and personal knowledge is not required. Identification of a person with knowledge of relevant facts should include a current address and telephone number.

13.    When responding to any of the following Interrogatories, the Defendant is to identify to the fullest extent possible, any document which the Defendant know or suspects had once existed.

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

By:    */s/ Matthew J. Worrall*
       **Matthew J. Worrall**
       SBN: 24070883
       **William H. Barfield**
       SBN: 24031725
       **Andrew A. Woellner**
       SBN: 24060850
       100 Waugh Drive, Suite 350
       Houston, Texas 77007
       Telephone (713) 963-8881
       Facsimile (713) 574-2938
       Emails: mworrall@potts-law.com
               wbarfield@potts-law.com
               awoellner@potts-law.com

       **ATTORNEYS FOR PLAINTIFF**

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant(s) would have received it when it was served with the citation.


**THE POTTS LAW FIRM, LLP**


*/s/ Matthew J. Worrall*
**Matthew J. Worrall**

16

## <u>INTERROGATORIES TO INSURER</u>

1. Identify the name, job title, dates of employment and a brief description for all persons providing information for the answers to these interrogatories.

   **<u>ANSWER</u>**

2. Identify all persons and entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

   **<u>ANSWER</u>**

3. Identify the name and job title of each person who inspected the Property made the basis of this Lawsuit and the date of the inspection.

   **<u>ANSWER</u>**

4. State the date Defendant closed Plaintiff's claim and to the extent Defendant asserts statute of limitations as a defense, state all dates and manners in which Defendant notified Plaintiff(s)

   **<u>ANSWER</u>**

5. Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under the Policy or Texas Insurance Code, and, if so, describe how notice was deficient and the resulting prejudice, if any.

   **<u>ANSWER</u>**

6. At the time the claim made the basis of this Lawsuit was investigated and inspected, describe all damage attributable to the storm observed at the Property by Defendant, or persons or entities on behalf of Defendant.

   **<u>ANSWER</u>**

7. Please identify all documents and information requested from Plaintiff at the time the claim made the basis of this Lawsuit was investigated, stating the date and manner in which the request was made, and identify the requested documents Defendant claims Plaintiff failed to provide upon Defendant's request.

   **<u>ANSWER</u>**

8.  If you contend Plaintiff's damages claimed in this lawsuit are from a prior insurance claim or prior unrepaired damage, please list all prior claims on the property made in the last ten years, including claim number, date of loss, type of loss, and payments, if any.

    **ANSWER**

9.  Describe Defendant's method of determining whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, and whether Defendant has a policy or procedure in place regarding the method of determining O&P.

    **ANSWER**

10. List all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the factual basis that Defendant relies upon to apply that exclusion.

    **ANSWER**

11. Identify all items on the claim made the basis of this Lawsuit that Defendant applied depreciation, stating for each item the method for calculating the depreciation and the age of the item.

    **ANSWER**

12. State whether Defendant applied depreciation to labor and removal of the roof in the claim made the basis of this lawsuit, identifying the basis for that depreciation and the applicable policy section.

    **ANSWER**

13. State whether sales tax was paid by Defendant on all materials and/or labor and the method of calculation.

    **ANSWER**

14. State the Date Defendant first anticipated litigation.

    **ANSWER**

15. State whether the estimate(s) prepared for the claim made the basis this Lawsuit by Defendant, or on Defendant's behalf, failed to identify any storm related damage at the Property.  If so, identify each item of damage.

    **ANSWER**

18

16. Identify all underwriting reports in Defendant's possession or control for the Property.

**ANSWER**

17.  State whether the estimate(s) prepared for the claim made the basis of this lawsuit wrongly included or excluded any item or payment and describe each item or payment by stating whether it should have been included or excluded from the estimate.

**ANSWER**

18. Identify the amount of attorneys' fees incurred by Defendant to date and in connection with this amount state:
   a. The activities and work performed from the inception of the representation of Defendant through Present.
   b. The amount of time spent on each of the activities performed from the inception of the representation through Present.
   c. The name and hourly rate charged by each of the attorneys representing Defendant in this case from the inception of the representation until Present; and the date in which the representation of Plaintiff began by each attorney.

**ANSWER**

19. What is your compensation arrangement with your expert witness in this case?

**ANSWER**

20. Describe the work performed by your expert witnesses in this case, including a description of the work, the time the work took to complete, the name of the person who completed the work, the date of the work and the rate charged or applied to the work.

**ANSWER**

21. State every basis, in fact and based on the terms of the policy, for defendant's denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s)

**ANSWER**

22. If you contend that the Policy is void for any reason, state the factual basis for that contention.

**ANSWER**

19

## REQUESTS FOR PRODUCTION TO INSURER

1.      The following insurance documents issued for the Properties as identified in the Petition:

      a.      the policy at issue for the date of loss as identified in the Petition; and

      b.      the policy declarations page for the 3 years preceding the storm.

RESPONSE:


2.      Produce underwriting files and documents relating to the underwriting for all insurance policies for the Properties identified in the Petition. This request is limited to the past 3 years. To the extent Defendant contends that the underwriting file or documents older than 3 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:


3.      All documents relating to the condition or damages of the Properties or any insurance claim on the Properties identified in the Petition.

RESPONSE:


4.      All documents relating to any real property insurance claims made by Plaintiff at the insured premises that are the basis of this Lawsuit or business interruption, loss of income and/or business loss claims made by the Plaintiff(s). This request is limited to the past 3 years. To the extent Defendant contends that documents older than 3 years impact the damages or coverage, produce that document.

RESPONSE:


5.      All requests for information to any third party about the Properties, the Plaintiff(s), or the claims made the basis of this Lawsuit.

RESPONSE:

20

6.      All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage, business interruption, loss of income and/or business loss.

RESPONSE:

7.      All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Properties, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

RESPONSE:

8.      All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Properties made the basis of this Lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

9.      Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

10.     To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:

11.     A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly

handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

12.     All organizational charts, diagrams, lists, and/or documents reflecting each department. Division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:

13.     All Texas insurance licenses and/or certifications in effect that the time of the claims arising out of the storm made the basis of plaintiff's claim for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications.

RESPONSE:

14.     If an engineer and/or engineering firm evaluated the Properties, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 3 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

15.     Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No. 14 above within the last 3 years. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

16.     All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:

17.     All documents relating to issues of honesty, criminal actions. past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:

18.     All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

19.     All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

20.     Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 19 above.

RESPONSE:

21.     All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

22.     Any email or document that transmits, discusses, or analyzes any report produced in response lo Request for Production No. 21 above.

RESPONSE:

23.     For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, all documents or tangible things that have been provided to, reviewed by, or prepared for any testifying expert.

RESPONSE:


24.     Pursuant to Texas Rule of Evidence 609(1), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

RESPONSE:


25      All indemnity agreements in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:


26.     All contracts in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:


27.     All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:


28.     All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff's claim.

RESPONSE:

29.     To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

<u>RESPONSE:</u>


30.     If a claim for business interruption, loss or income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption loss of income and/or business loss covered under Plaintiff's policy. This request is limited to the last 3 years.

<u>RESPONSE:</u>


31.     If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiff's claim(s) regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

<u>RESPONSE:</u>

25

# EXHIBIT 1-3

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**THE TRAVELERS INDEMNITY COMPANY**
**BY SERVING CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET SUITE 620**
**AUSTIN TX 78701-3218**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **298th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **GABRIELA MADRID**

Filed in said Court **12th day of January, 2016** against

**THE TRAVELERS INDEMNITY COMPANY**

For Suit, said suit being numbered **DC-16-00322,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQ FOR DISCLOSURE, REQ FOR INTERROGATORIES AND REQ FOR PRODUCTION,**
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 19th day of January, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By: _Altha Miles_ , Deputy
ALTHA MILES

---

**CERT MAIL**

# CITATION

## DC-16-00322

**GABRIELA MADRID**
**vs. THE TRAVELERS INDEMNITY**
**COMPANY**

ISSUED THIS
**19th day of January, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: ALTHA MILES, Deputy

**Attorney for Plaintiff**
MATTHEW WORRALL
THE POTTS LAW FIRM
100 WAUGH SUITE 350
HOUSTON TX 77007
713-963-8881

DALLAS COUNTY CONSTABLE
FEES PAID        FEES NOT PAID

# OFFICER'S RETURN

Case No. : DC-16-00322

Court No.298th District Court

Style: GABRIELA MADRID

 vs. THE TRAVELERS INDEMNITY COMPANY

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# EXHIBIT 1-4

# OFFICER'S RETURN

Case No. : DC-16-00322

Court No.298th District Court

Style: GABRIELA MADRID

vs. THE TRAVELERS INDEMNITY COMPANY

Came to hand on the ___19th___ day of __January__, 20_16_, at _3:55_ o'clock _P_ .M. Executed at _211 E 7th St Austin 78701_ #620

within the County of _____ at _9:17_ o'clock _A_ .M. on the _22nd_ day of __January__

20_16_____, by delivering to the within named _The Travelers Indemnity Company serving RA Corporation Service Company_ _via US Certified mail Return Receipt Received Signed by Joshua Salé_ Appli

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation          $ _76.00_          _____

For mileage                   $ _____          of_____ County, _____

For Notary                    $ _____          By, _Josh Emiles_      Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____, 20_____.

to certify which witness my hand and seal of office.

**FELICIA PITRE**
**DISTRICT CLERK**
**600 COMMERCE STREET**
**DALLAS, TEXAS 75202-4606**

Notary Public_____ County_____

**FILED**
JAN 26 2016
FELICIA PITRE
DIST. CLERK, DALLAS CO., TEXAS
BY _____ DEPUTY

9214 8901 0661
5400 0077 8346 10

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**THE TRAVELERS INDEMNITY COMPANY**
**BY SERVING CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET SUITE 620**
**AUSTIN TX 78701-3218**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **298th District Court** at 600 Commerce Street, Ste: 101, Dallas, Texas 75202.

Said Plaintiff being **GABRIELA MADRID**

Filed in said Court **12th day of January, 2016** against

**THE TRAVELERS INDEMNITY COMPANY**

For Suit, said suit being numbered **DC-16-00322,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQ FOR DISCLOSURE, REQ FOR INTERROGATORIES AND REQ FOR PRODUCTION,**
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 19th day of January, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By: _Altha Miles_ , Deputy
ALTHA MILES

---

**CERT MAIL**

# CITATION

## DC-16-00322

**GABRIELA MADRID**
**vs. THE TRAVELERS INDEMNITY COMPANY**

ISSUED THIS
**19th day of January, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: ALTHA MILES, Deputy

**Attorney for Plaintiff**
MATTHEW WORRALL
THE POTTS LAW FIRM
100 WAUGH  SUITE 350
HOUSTON TX  77007
713-963-8881

DALLAS COUNTY CONSTABLE
FEES PAID          FEES NOT PAID

Date: January 22, 2016

MAIL MAIL:

The following is in response to your January 22, 2016 request for delivery information on your Certified Mail™/RRE item number 92148901066154000077834610. The delivery record shows that this item was delivered on January 22, 2016 at 9:17 am in AUSTIN, TX 78744. The scanned image of the recipient information is provided below.

Signature of Recipient :

Joshua Forié Applin

Address of Recipient :

211 E 7th St. #620

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

DC-16-00322 DP AM
THE TRAVELERS INDEMNITY COMPANY
BY SERVING CORPORATION SERVICE COMPANY
211 E 7TH ST STE 620
AUSTIN TX 78701-3218

# EXHIBIT 1-5

FILED
DALLAS COUNTY
2/12/2016 4:00:40 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:16-cv-00466-K   Document 1-1   Filed 02/18/16   Page 39 of 43   PageID 43

## CAUSE NO. DC-16-00322

| | | |
|---|---|---|
| GABRIELA MADRID, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| THE TRAVELERS INDEMNITY | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | M-298TH JUDICIAL DISTRICT |

### DEFENDANT THE TRAVELERS HOME AND MARINE INSURANCE COMPANY'S ORIGINAL ANSWER

In response to Plaintiff's Original Petition (the "Petition"), Defendant The Travelers Home and Marine Insurance Company ("Defendant"), incorrectly sued as The Travelers Indemnity Company, file its Original Answer thereto.

### I.

### GENERAL DENIAL

Defendant denies all and singular the allegations contained in the Petition and demands strict proof thereof.

### II.

### ADDITIONAL DEFENSES

1.     Defendant denies that all conditions precedent to Plaintiff's claims for recovery have occurred or been met, and they have not been waived.

2.     Plaintiff's claims are barred by the Suits Against Us Provision.

3.     Plaintiff's claims are barred in part by the statute of limitations.

4.     Coverage is precluded to the extent the loss occurred outside the policy period.

5.      Coverage is precluded to the extent Plaintiff seeks reimbursement for the replacement cost value of property which has not been repaired or replaced.

6.      Coverage is precluded to the extent the loss was not caused by a "Peril Insured Against."

7.      Coverage is precluded to the extent the amount of insurance in the policy on the damaged building is "80% or more of the full replacement cost of the building immediately before the loss" and Plaintiff seeks reimbursement for more than the least of the following amounts: "(a) The limit of liability under this policy that applies to the building; (b) The replacement cost of that part of the building damaged with material of like kind and quality and for like use; or (c) The necessary amount actually spent to repair or replace the damaged building."

8.      Coverage is precluded to the extent the amount of insurance in the policy on the damaged building is less than 80% of the full replacement cost of the building immediately before the loss and Plaintiff seeks reimbursement for more than the following amounts: "(a) The actual cash value of that part of the building damaged; or (b) That proportion of the cost to repair or replace, after application of any deductible and without deduction from depreciation, that part of the building damaged, which the total amount of insurance in this policy on the damaged building bears to 80% of the replacement cost of the building."

9.      Plaintiff's claims are barred in whole or in part by the Settling, Cracking, Bulging, Shrinkage or Expansion of Specific Property exclusion.

10.     Some or all of Plaintiff's claims may be excluded by breach of policy requirements and/or conditions in the Policy, including the insured's duties after loss, such as the

failure to give prompt notice, protect the property from further damage, or to make reasonable and necessary repairs to protect the Property.

11.     To the extent a disagreement exists regarding the amount of loss properly subject to appraisal, the Policy provides that if Travelers and the insured disagree on the amount of loss or cost of repair, "either may demand an appraisal of the loss."

12.     Plaintiff's claims may be barred in whole or in part by the exclusion for "neglect of an 'insured' to use all reasonable means to save and preserve property at and after the time of loss."

13.     Plaintiff's claims may be barred in whole or in part by the ordinance or law exclusion.

14.     Plaintiff has failed to mitigate her damages.

15.     Plaintiff's claims are subject to the deductible of the insurance policy at issue as well as the limits therein.

16.     All or a portion of Plaintiff's claims were caused by the negligence and/or comparative responsibility of Plaintiff, persons acting on Plaintiff's behalf and/or under Plaintiff's direction or control, and/or third parties over which Defendant had no control.

17.     Defendant is entitled to a credit or offset for all amounts previously paid by any other insurer.

18.     Plaintiff's exemplary damages claims are barred in whole or in part by the Due Process Clause and the Excessive Fines Clause of the United States Constitution, Chapter 41 of the Texas Civil Practice & Remedies Code, or any other applicable law.

19.     Plaintiff has failed to state a claim upon which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, Defendant The Travelers Home and Marine Insurance Company, incorrectly sued as The Travelers Indemnity Company, prays that Plaintiff takes nothing by this suit, and that Defendant goes hence and recovers costs on its behalf expended.

Respectfully submitted,

*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
State Bar No. 12314560
ALISSA PUCKETT
State Bar No. 24056886
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Phone)
(214) 871-2111 (Fax)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

      This is to certify that a true and correct copy of this Original Answer has been furnished to counsel of record as provided below, via electronic service, in accordance with the Texas Rules of Civil Procedure, this 12th day of February 2016:

     Matthew J. Worrall
     William H. Barfield
     Andrew A. Woellner
     The Potts Law Firm, LLP
     100 Waugh Drive, Suite 350
     Houston, Texas 77007

                        */s/ Wm. Lance Lewis*
                  Wm. Lance Lewis / Alissa Puckett