**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| GABRIELA MADRID § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § CIVIL ACTION NO. 3:16-cv-466 <br> § <br> THE TRAVELERS INDEMNITY COMPANY § <br> § <br> § <br> *Defendant* § | |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Gabriela Madrid, Plaintiff (hereinafter referred to as "Plaintiff"), and files this First Amended Petition against Defendant, The Travelers Home and Marine Insurance Company (hereinafter referred to as "Travelers" or "Defendant"), and respectfully would show this court as follows:

## PARTIES

1.   Plaintiff, Gabriela Madrid, is an individual residing in and/or owning property in Dallas County, Texas.

2.   Defendant, Travelers, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action.  This defendant may be served by serving its attorneys of record, Alissa Puckett and/or Wm. Lance Lewis, Quilling, Selander, Lownds, Winslett & Moser, P.C., 2001 Bryan Street, Suite 1800, Dallas, Texas 75201.

## JURISDICTION

3.  The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend this petition during and/or after the discovery process.

4.  The Court has jurisdiction over Defendant, Travelers, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

## VENUE

5.  Venue is proper in Dallas County, Texas, because the insured property is situated in Dallas County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.  Plaintiff is the owner of a property insurance policy ("the Policy") issued by Travelers.

7.  Plaintiff owns the insured property located at 2406 Hanover Court, in Dallas County (hereinafter referred to as "the Property"). Defendant sold the Policy insuring the Property to Plaintiff.

8.  On or about April 3, 2012, a hail storm and/or windstorm struck Dallas County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property. The Storm damaged the Property including extensive damage to the roof.

9.  Plaintiff subsequently submitted a claim to Travelers for the damage the Property sustained as a result of the Storm. Plaintiff requested that Travelers cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the property.

10. Defendant failed to thoroughly review and properly oversee the work of the assigned adjusters, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim. As a result of Defendant's wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

11. Defendant set out to deny and/or underpay on properly covered damages. Defendant failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendant's unreasonable investigation, as described above, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property. To this date, Plaintiff has yet to receive the full payment that Plaintiff is entitled to under the Policy and Defendant continues to delay in the payment for the damages to the Property.

12. Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

13. Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

14. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.0060(a)(2)(A).

15. Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

16. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

17. Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

18. Defendant failed to meets it obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all

information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

19.     Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

20.     Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

21.     From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

22.     Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

23.     As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action.

24.     Plaintiff's experience is not an isolated case. The acts and omissions Defendant committed

in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

25. Each of the foregoing paragraphs is incorporated by reference in the following:

26. Defendant breached its contract with Plaintiff, violated the Texas Insurance Code and breached the common law duty of good faith and fair dealing.

### A. Breach of Contract

27. Defendant breached the contract of insurance it had with Plaintiff. Defendant breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

### B. Noncompliance with Texas Insurance Code: Unfair Settlement Practices

28. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article were made actionable by TEX. INS. CODE § 541.151.

29. Defendant assigned its employees and/or agents to adjust Plaintiff's claim. Defendant's employees and/or agents were improperly and inadequately trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages. During the investigation, Defendant failed to properly evaluate Plaintiff's Storm damages. Defendant omitted properly covered damages from final reports of Plaintiff's Storm damages including, but not limited to, properly covered roof damages Plaintiff's home sustained as a result of the Storm. As a result of

Defendant's unreasonable investigation, Plaintiff was wrongfully denied on the claim and has suffered damages.

30. Defendant's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. These misrepresentations constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1)

31. Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

32. Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

33. Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to

7

Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

34. Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

35. The acts described in the paragraph above constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

### C. Noncompliance with Texas Insurance Code: Prompt Payment of Claims Statute

36. Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

37. Defendant failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

38. Defendant failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

39. Defendant delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

40. Defendant knowingly committed each of the acts described above. Therefore, Plaintiff is entitled to three times actual damages under TEX. INS. CODE §541.152.

### D. Breach of the Duty of Good Faith and Fair Dealing

41.     Defendant breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

### E.     Acts Constituting As Agent

42.     As referenced and described above, and further conduct throughout this litigation and lawsuit, the adjusters Defendant hired are agents of Defendant based on their acts during the handling of this claim, including inspections, adjustments and aiding in adjusting a loss for or on behalf of the insurer.  TEX. INS. CODE § 4001.051.

43.     Separately, and/or in the alternative, as referenced and described above, Defendant ratified the actions and conduct of the adjusters including the completion of their duties under the common law and statutory law.

### F.     Knowledge

44.     Each of the acts described above, together and singularly, was done knowingly as that term is used in the Texas Insurance Code.

## DAMAGES

45.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

46.     The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

47.     For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is

the amount of the claim, together with attorney's fees.

48. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages. TEX. INS. CODE § 541.152.

49. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

50. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

51. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### JURY DEMAND

52. Plaintiff hereby demands a trial by jury and tender the appropriate fee.

## PRAYER

53.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendant to appear and answer herein and that Plaintiff has judgment taken against Defendant and recovers from Defendant all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

By:    */s/ Matthew J. Worrall*
**Matthew J. Worrall**
SBN: 24070883
**William H. Barfield**
SBN: 24031725
**Andrew A. Woellner**
SBN: 24060850
100 Waugh Drive, Suite 350
Houston, Texas 77007
Telephone (713) 963-8881
Facsimile (713) 574-2938
Emails: mworrall@potts-law.com
           wbarfield@potts-law.com
           awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the foregoing has been served on all counsel of record on this the 4th day of April, 2016 by electronic means.

**THE POTTS LAW FIRM, LLP**

*/s/ Matthew J. Worrall*
**Matthew J. Worrall**

11